UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Paul Phelps,

        Defendant.

_____/

Case No. 25-20780

## **STIPULATION TO ADJOURN PRELIMINARY EXAMINATION**

The above parties, by their attorneys, stipulate and agree to that there is good cause to adjourn the preliminary examination in this case from September 11, 2025, to October 16, 2025.

- On July 9, 2025, the government provided defense counsel with discovery.

- On August 3, 2025, the government provided defense counsel with a proposed Rule 11 plea agreement.

- On August 7, 2025, the Court adjourned the preliminary examination from August 8, 2025, to August 28, 2025.

- On August 24, 2025, defense counsel reviewed the Rule 11 plea agreement

with the defendant. At that time, the defendant asked defense counsel to seek a modification of the terms of the plea agreement.

- On August 27, 2025, the Court granted an adjournment of the preliminary examination from August 28, 2025, to September 11, 2025.
- On September 9, 2025, the Court granted an adjournment of the preliminary examination from September 11, 2025, to October 16, 2025.
- From August 3, 2025, through October 13, 2025, the parties unsuccessfully engaged in plea negotiations to resolve the case in a manner that satisfies both parties.
- The grand jury returned an indictment on October 15, 2025.
- As a result, the Court will convert the preliminary examination to an arraignment on the information.
- Defense counsel has a preliminary examination on a homicide case at the same time as the arraignment on the information, and thus, he is unable to appear with the defendant at the time of his arraignment on the indictment.
- An arraignment is an important step in a criminal case and counsel should be present.
- The parties request a one-week adjournment to allow the defendant to appear with defense counsel at his arraignment on the information.

The parties request that this additional time, beginning with the day of the filing of this stipulation and order, be excluded from the Speedy Trial Act because the ends of justice served by such continuance outweigh the interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

| | |
|---|---|
| *s/ Philip M. Jacques* | *s/ Bertram Johnson (by consent)* |
| Philip M. Jacques | Bertram Johnson |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 23950 Princeton Street |
| Detroit, MI  48226 | Dearborn, MI 48124 |
| philip.jacques@usdoj.gov | warrioratlaw313@aol.com |
| (313) 226-9654 | (313) 598-4193 |

Date: October 15, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

Case No. 25-20780

v.

Paul Phelps,

          Defendant.
_____/

## ORDER ADJOURNING ARRAIGNMENT ON THE INDICTMENT

This matter coming before the court on the stipulation of the parties, and the Court adopting the reasons for an adjournment set forth in the stipulation, it is hereby **ORDERED** that good cause exists to adjourn the arraignment on the indictment from October 16, 2025, to October 23, 2025.

It is further **ORDERED** that the period from today's date, October 16, 2025 until preliminary examination date of October 23, 2025, shall be excluded from the speedy trial clock. *See* 18 U.S.C. § 3161(h)(7). The facts set forth in the parties' stipulation are adopted by the Court and the Court finds that the facts

justify the adjournment of the arraignment on the indictment and trial date and the exclusion of the time under the "ends of justice" subsection of the Speedy Trial Act.

**IT IS SO ORDERED.**

s/Kimberly G. Altman
Hon. Kimberly G. Altman
United States Magistrate Judge

Entered: October 16, 2025